## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 25 CR 350-1 |
| | ) | |
| MARGARITO CARMONA RAMOS | ) | Judge Manish S. Shah |
| | ) | |
| Defendant. | ) | |

### MOTION FOR RELEASE FROM DETENTION

Now comes the defendant, MARGARITO CARMONA RAMOS, by and through his attorney, STEVEN R. HUNTER, and moves this Honorable Court to release him on bond pursuant to the Bail Reform Act, 18 U.S.C. § 3142; *United States v. Salerno*, 481 U.S. 739 (1987); and *United States v. Dominguez*, 783 F.2d 702 (7th Cir. 1986). In support of this motion the defendant states as follows;

### I.     Background

Margarito Ramos is charged in this case by indictment with the offense of illegal reentry. This offense carries a potential sentence of probation, amongst other possible penalties. Mr. Ramos waived a detention hearing without prejudice at his initial appearance on June 27, 20205, but now seeks his release.

### II.     Law

Under 18 U.S.C. §3142 (b), there is a presumption in favor or release on personal recognizance unless the court finds that the defendant is a flight risk

or danger to the community. The charges in this case do not qualify for a presumption of flight risk or danger under §3142(f) because the charge in this case is not a crime of violence, the maximum is less than life, it is not a controlled substance offense, the defendant does not have two or more convictions for offenses described in §3142(f)(1)(A) through (C), and there is no minor victim or weapon involved. Therefore, unless the prosecution can establish that there are no conditions to assure the defendant's appearance or safeguard the community, the defendant should be released.

The factors which the court should consider are listed in §3142(g). As will be explained below, consideration of many of those factors supports release of the defendant.

As the Supreme Court held in *United States v. Salerno*, 481 U.S. 739 (1987), "[i]n our society liberty is the norm, and detention prior to trial . . . is the carefully limited exception." *Id.* at 755. This presumption of release is encapsulated in the BRA, 18 U.S.C. § 3142. The statute states that the Court "shall order" pretrial release, § 3142(b), except in certain narrow circumstances. Even if the Court determines under § 3142(c) that an unsecured bond is not sufficient, the Court "shall order" release subject to "the least restrictive further conditions" that will "*reasonably assure*" the defendant's appearance in court and the safety of the community. § 3142(c)(1) (emphasis added). Under this statutory scheme, "it is only a 'limited group of offenders' who should be detained pending trial." *United States v. Shakur*, 817

F.2d 189, 195 (2d Cir. 1987) (quoting S. Rep. No. 98-225, at 7 (1984), *as reprinted in* 1984 U.S.C.C.A.N. 3182, 3189); *see also United States v. Byrd*, 969 F.2d 106, 110 (5th Cir. 1992) ("There can be no doubt that this Act clearly favors non-detention.").

### III.    Application of 3142(g) Factors

Margarito Carmona Ramos is neither a flight risk nor a danger to the community. The nature and circumstances of the offense of illegal reentry are obviously not a crime of violence, terrorism, and do not involve a minor victim, controlled substances, or dangerous weapons. 18 U.S.C. §3142(g)(1).

The history and characteristics of Margarito Carmona Ramos also support release pursuant to 18 U.S.C. §3142(g)(3). Regarding his character, since 2022 he has helped to care for his critically ill father until his recent death. (See Defense Exhibit A, Ahva Care letter). That care included feeding his father, cleaning him, changing diapers, and bringing family members to his father's care facility. In addition, after his one conviction decades ago, Mr. Ramos became a productive member of society. While in prison he obtained his GED. After his release, he married and raised three children to be successful adults. (See Exh. B, Griselda Diaz letter). Mr. Ramos supported his family by working for approximately 10 years as a Supervisor and Process Technician at Clearlam Packaging. (See Exh. C, Farrell letter). He then became a Supervisor at Pactiv, where he worked until his arrest in this case. By all accounts he has been an excellent employee. His manager uses words like "integrity" and "professionalism" to describe Mr. Ramos. (See Exh. D, Wardell Taylor letter).

Mr. Ramos is in good physical and mental health and has never abused drugs or alcohol. The defense believes he has only one conviction from about 37 years ago. 18 U.S.C. §3142(g)(3). In addition, Mr. Ramos is not a threat to anyone and except for one incident at the age of 17 has led a peaceful life.

Conclusion

For these reasons, the defense moves this court to grant the defendant release on a recognizance bond.

Dated: July 31, 2025         Respectfully submitted,

/s/ *Steven R. Hunter*
Steven R. Hunter
Attorney for Margarito Carmona Ramos

**CERTIFICATE OF SERVICE**

The undersigned, Steven R. Hunter, hereby certifies that in accordance with Fed. R. Crim. P. 49, Fed. R. Civ. P. 5, L.R. 5.5, and the General Order on Electronic Case Filing (ECF), the following document:

**MOTION FOR RELEASE FROM DETENTION**

was served on July 31, 2025, in accordance with the FED.R.CIV.P. 5, LR5, and the General Order on Electronic Case Filing (ECF), pursuant to the district court's ECF system as to ECF filers. Non-ECF filers, if any, were sent copies by first class mail or hand delivery.

/s/ *Steven R. Hunter*
Steven R. Hunter

Law Office of Steven R. Hunter
900 West Jackson Blvd., Suite 7-E
Chicago, IL 60607
(312) 466-9466
srhunter@srhunterlaw.com